# In the United States Court of Federal Claims

No. 19-1834
Filed: April 15, 2022

|  |  |
|---|---|
| RANDAL M. RUEBSAMEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

*SMITH,* **Senior Judge**

## I.  Introduction

This matter is before the Court on plaintiff's Motion for Reconsideration. Plaintiff, Randal M. Ruebsamen, proceeding *pro se*, seeks reconsideration of the Court's decision dismissing his Complaint regarding a tax-refund claim for tax years 2011 and 2012. *See generally* Complaint, ECF No. 1 [hereinafter Compl.]; *see also* Plaintiff's Motion for Reconsideration, ECF No. 24 [hereinafter Pl.'s MFR]. Plaintiff requests that this Court "take another look at [his] proof of Financial Disability." Pl.'s MFR at 1. Defendant argues that plaintiff's Motion should not be granted because plaintiff never properly submitted proof of his financial disability to the Internal Revenue Service ("IRS") in the first instance. *See generally* Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration at 5, ECF No. 26 [hereinafter Def.'s Resp.]. For the reasons set forth below, the Court grants plaintiff's Motion for Reconsideration, vacates its February 12, 2021 Order, and dismisses plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## II.  Background

### A.  Facts of the Case

On October 6, 2012, plaintiff filed his personal income tax return with the IRS for the 2011 tax year, paying his tax liability, penalty, and interest in full. *See* Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction at 2, ECF No. 9 [hereinafter Def.'s MTD]. Similarly, on April 15, 2013, plaintiff filed his personal income tax return with the IRS for the 2012 tax year, paying his tax liability, penalty, and interest in full. *See id.* On October 10, 2017, plaintiff filed his amended tax returns for tax years 2011 and 2012, claiming refunds in the amounts of $4,293.00 and $6,768.00, respectively. *See* Compl. at 2; *see* Def.'s MTD at 2. On

- 1 -

December 1, 2017, and December 4, 2017, the IRS issued letters denying plaintiff's refund claim for tax years 2011 and 2012, respectively, because plaintiff did not timely file his refund claim (i.e., within three years after he filed his tax return in accordance with 26 U.S.C. § 6511 (a)). *See* Def.'s MTD at 2; *see also* Def.'s MTD, Exhibit ("Ex.") D, ECF No. 9.

### B. Procedural History

On December 2, 2019, plaintiff filed his Complaint with this Court seeking a tax refund for tax years 2011 and 2012. *See generally* Compl. Plaintiff acknowledges that he failed to file a claim for a tax refund within the three-year statute of limitations, but he argues that he qualifies for the "financial-disability" exception under 26 U.S.C. § 6511(h).[1] *See id*. at 4. To support his assertion, on January 6, 2020, plaintiff filed with this Court a signed physician's statement and his 2011 and 2012 tax return. *See generally* Notice of Indirectly Related Cases, Ex. 1, ECF No. 5.

On March 30, 2020, defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing that this Court lacks jurisdiction over plaintiff's Complaint because plaintiff does not qualify for the limited financial disability exception to the statute of limitations; therefore, he filed his claim out of time. *See generally* Def.'s MTD. In response, plaintiff argues that he qualifies for the financial disability exception because he submitted the required physician's statement to the Court of Federal Claims, and the Court "shared these additional documents with the IRS." *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 1, ECF No. 11 [hereinafter Pl.'s Resp.]. In reply, defendant reiterates that plaintiff does not qualify for the financial disability exception "because [plaintiff] did not provide the [IRS] with the required proof of disability." *See* Defendant's Reply in Support of its Motion to Dismiss at 1, ECF No. 12. On February 12, 2021, the Court granted defendant's Motion to Dismiss pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction. *See generally* Opinion and Order on Motion to Dismiss, ECF No. 21 [hereinafter MTD Decision].

On March 10, 2021, plaintiff timely filed a Motion for Reconsideration ("MFR"). *See generally* Pl.'s MFR. That same day, plaintiff filed an updated version of the doctor's note he submitted on January 6, 2020, with the MFR. *See generally* Pl.'s MFR, Attachment 1, ECF No. 24. Plaintiff's Motion argues *inter alia* that the doctor's note, originally submitted to the Court on January 6, 2020 and resubmitted to the Court on March 10, 2021, did not have to be simultaneously submitted to the IRS with his refund claim. *See* Pl.'s MFR at 2. In response, defendant argues that plaintiff has not complied with the requirements under Revenue Procedure 99-21 to qualify for the financial disability exception; specifically, plaintiff has not submitted his

---

[1] The financial disability exception under 26 U.S.C. § 6511(h) suspends the statute of limitations under § 6511(a)-(c) for "any period of [the] individual's life" that the individual is "unable to manage his financial affairs [because of a] medically determinable physical or mental impairment of the individual" which is expected to result in death or "which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 26 U.S.C. § 6511(h)(2)(A). However, § 6511(h)(2)(A) requires the taxpayer to provide proof of this financial disability in "such form and manner as the Secretary may require." *See* 26 U.S.C. § 6511(h)(2)(A). The Secretary has prescribed such proof under Revenue Procedure 99-21, which in turn provides that a taxpayer must submit to the IRS with his refund claim "a written statement by a physician . . . qualified to make the determination [of impairment]" with their claim for refund to demonstrate "financial disability." *See* Rev. Proc. 99-21 § 4, 1999-1 C.B. 980.

physician's statement "in the first instance *to the IRS*, not to this Court." *See generally* Def.'s Resp. at 5 (emphasis in original). On June 9, 2021, plaintiff replied, asserting that defendant's disregard of his financial disability violated his rights under the "Taxpayer Bill of Rights."[2] *See generally* Plaintiff's Reply in Support of his Motion for Reconsideration, ECF No. 28.

On October 19, 2021, plaintiff filed five documents: (1) a written statement by the plaintiff stating his authority to act in his financial matters since 2011; (2) a cover letter for his tax refund claims for tax years 2011 and 2012; (3) a doctor's note from AspenPointe Mental Health Center; (4) a 1040X tax form for the 2011 tax year; (5) a 1040X tax form for the 2012 tax year; and (6) a denial letter from the IRS regarding plaintiff's March 9, 2021 refund claims for tax years 2011 and 2012. *See generally* Notice of Filing Supporting Documents, Attachments 1–5, ECF No. 36.

On October 21, 2021, plaintiff filed a supplemental brief reiterating his previous argument that his Taxpayer Rights were violated and that he has "more than substantially complied with Revenue Procedure 99-21." *See generally* Plaintiff's Supplemental Brief, ECF No. 37. On November 29, 2021, defendant filed a response to plaintiff's Supplemental Brief restating its previous arguments and addressing plaintiff's newly filed refund claim with the IRS. *See* Defendant's Response in Opposition to Plaintiff's Supplemental Brief at 8–10, ECF No. 38. Defendant argues that the current action is about plaintiff's initial refund claim filed with the Court in 2019, and that for the Court to consider plaintiff's latest refund claim, plaintiff must file a new action with the Court.[3] *See id*.

### III.  Standard of Review

To prevail on a motion for reconsideration, the moving party must show proof of extraordinary circumstances which justify relief. *See AT&T Corp. v. United States*, 63 Fed. Cl. 209, 211 (2004) (citing *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)). Extraordinary circumstances that justify relief may include when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence; or (3) there is a need to correct clear factual or legal error or prevent manifest injustice. *See Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

### IV.  Evolution of the Law: *Brown v. United States*

On June 10, 2019, George and Ruth Brown filed a complaint with this Court asserting a tax refund claim for the 2015 tax year. On December 15, 2020, this Court issued an order

---

[2] The Court will not address plaintiff's arguments under the Taxpayer Bill of Rights ("TBOR") because the TBOR does not support Tucker Act jurisdiction in this Court as it is not a money-mandating source of law. *See Yates v. United States*, 150 Fed. Cl. 128, 135–36 (2020).

[3] The Court will not consider plaintiff's newly filed refund claims in the current case because refund claims must be duly filed with the IRS before a suit is filed in Court. *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7 (2008). Because the claims were filed with the IRS in 2021, after this suit was initiated in the Court in 2019, these new claims cannot be considered as part of the current case. However, plaintiff may file a new action in this Court regarding his newly filed claims.

dismissing the complaint for lack of subject matter jurisdiction for failing to comply with 26 U.S.C. § 7422(a)'s "duly filed" requirement. *See generally Brown v. United States*, 151 Fed. Cl. 530 (2020) [hereinafter *Brown I*]. For context, 26 U.S.C. § 7422(a) requires taxpayers to "duly file" their tax refund claims in accordance with the following Treasury Regulation:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been *duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).

In relevant part, *Brown I* held that the Browns' refund claim for 2015 had not been "duly filed" because the Browns failed to sign their tax returns or execute a proper power of attorney. *Brown I*, 151 Fed. Cl. at 535. This Court interpreted the "duly filed" requirement under 26 U.S.C. § 7422(a) to be a jurisdictional requirement; therefore, the Court concluded that it lacked subject matter jurisdiction under RCFC 12(b)(1) over the Browns' claims. *Id*. On January 5, 2022, the Federal Circuit affirmed this Court's dismissal, but for failure to state a claim under RCFC 12(b)(6), rather than for lack of subject matter jurisdiction under RCFC 12(b)(1). *See generally Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022) [hereinafter *Brown II*]. The Federal Circuit held that the Browns' deficiency under 26 U.S.C. § 7422(a) was non-jurisdictional and "more akin to a claims-processing rule than a jurisdictional requirement." *See Brown II*, 22 F.4th at 1011–1012. As such, the Federal Circuit concluded that the Court of Federal Claims had jurisdiction over the Browns' claim, so a dismissal was not warranted based on jurisdiction. *Id*. Given the Federal Circuit's holding in *Brown II* and as detailed below, the Court grants plaintiff's Motion for Reconsideration.

## V. Discussion

### A. The Duly Filed Requirement under 26 U.S.C. § 7422(a)

In light of the recent Federal Circuit's opinion in *Brown II* and as plaintiff's Complaint was dismissed for lack of subject-matter jurisdiction, the Court will reconsider plaintiff's claim.

Federal courts have interpreted a taxpayer's failure to comply with 26 U.S.C. § 7422(a)'s "duly filed" requirement as either: (1) jurisdictional; or (2) non-jurisdictional (i.e., a taxpayer's failure to comply with a claims-processing requirement). *See Dixon v. United States*, 158 Fed. Cl. 69, 77–78 (2022) (outlining federal caselaw supporting various interpretations). When a statutory provision, such as a time bar, is jurisdictional, "a litigant's failure to comply with the bar deprives a court of all authority to hear a case." *See United States v. Kwai Fun Wong*, 575 U.S. 402, 408–09 (2015). Claims processing rules differ, however, because they promote "the orderly progress of litigation by requiring the parties to take certain procedural steps at specified times." *See Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). While the Supreme Court has characterized § 7422(a)'s timeliness requirement as jurisdictional, this Court recognizes the Federal Circuit's recent decision in *Brown II*, which identifies a distinction between the "timeliness" and the "adequacy" of a taxpayer's filing. *See Brown II*, 22 F.4th at 1011–12; *see also United States v. Dalm*, 494 U.S. 596, 601–02 (1990); *compare Brown I*, 151 Fed. Cl. at 534,

with *Brown II*, 22 F.4th at 1011–12.[4]  In *Brown II*, the Federal Circuit held that a taxpayer's failure to comply with the "duly filed" requirement under § 7422(a)—the Browns had not signed their tax returns or executed a proper power of attorney—was a failure to comply with a claims-processing requirement, as opposed to a jurisdictional requirement.  *Brown II*, 22 F.4th at 1011–1012.

As this Court previously dismissed this Complaint for lack of subject matter jurisdiction, under RCFC 12(b)(1), and given the recent *Brown II* decision, this Court is inclined to vacate its previous decision and construe plaintiff's deficiency—failing to provide his financial disability documents to the IRS with his refund claims—as a failure to comply with a claims-processing requirement.  Regardless of whether plaintiff's error was indeed his failure to comply with a claims-processing requirement, this Court need not determine whether plaintiff's error under 26 U.S.C. § 7422(a) is jurisdictional or non-jurisdictional—in either instance, the result is the same and plaintiff does not succeed on his claim.  However, assuming plaintiff's deficiency was a claims-processing error, the Court vacates its February 12, 2021 Order and *sua sponte* dismisses plaintiff's Complaint under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

### B. *Sua Sponte* Dismissal for Failure to State a Claim

The Court may dismiss a complaint *sua sponte* for failure to state a claim when no additional proceedings would allow the plaintiff to prove additional facts entitling them to relief, especially when the facts asserted by the plaintiff do not, under the law, entitle him to a remedy.  *See Georgeff v. United States*, 67 Fed. Cl. 598, 601 (2005).  Courts may dismiss a case if it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief."  *See id.* (internal citation omitted); *cf. Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 793–94 (Fed. Cir. 2000).

Here, no additional proceedings would enable plaintiff to prove facts entitling him to relief.  *See Georgeff*, 67 Fed. Cl. at 601.  Plaintiff argues that he does not need to submit the required documents, to qualify for the financial disability exception, directly to the IRS. *See* Pl.'s MFR at 2.  On the contrary, to qualify for this exception the taxpayer must provide proof of their financial disability "in such form and manner as the Secretary may require."  *See* 26 U.S.C. § 6511(h)(2)(A).  The Secretary has prescribed such proof under Revenue Procedure 99-21, which provides that a taxpayer *must submit to the IRS* "a written statement by a [qualifying] physician" with their claim for refund to demonstrate "financial disability."  *See* Rev. Proc. 99-21 § 4, 1999-1 C.B. 980.  Plaintiff did not follow Revenue Procedure 99-21 as he did not file proof of his financial disability with the IRS when he filed his *initial* refund claims—a requirement under Revenue Procedure 99-21 § 4.  *See id*.  As such, the Court finds that no additional proceedings in this case would entitle plaintiff to relief.

---

[4] Other circuits have considered certain taxpayer deficiencies under 26 U.S.C. § 7422(a) as non-jurisdictional when the question involves the "adequacy" of the refund request filed with the IRS.  *See Gillespie v. United States*, 670 F. App'x 393, 394–95 (7th Cir. 2016) (noting that recent Supreme Court decisions construe similar statutory prerequisites as "claims processing rules rather than jurisdictional requirements.").

Additionally, plaintiff relies on *Walter v. United States* to support his argument that he can submit a doctor's note separately from his tax return. *See* Pl.'s MFR at 3; *see also* Pl.'s MFR, Attachment 2 at 1–2 (citing *Walter v. United States*, No. 09-420, 2009 WL 5062391 (W.D.Pa. Dec. 16, 2009) (unpublished decision)). Plaintiff's arguments are unconvincing. Even if this Court were bound by the decision in *Walter*, which it is not, *Walter* supports the proposition that plaintiffs may, at a later time, provide supplemental documentation to cure "technical deficiencies" in their doctor's note submitted to the IRS "in conjunction" with their refund claim. *See Walter*, 2009 WL 5062391, at *10–11 (allowing plaintiffs to supplement their deficient doctor's note submitted directly to the IRS with an additional doctor's note submitted to the court). Unlike *Walter*, plaintiff has not submitted his doctor's note to the IRS in the first instance.

Plaintiff attempts to comply with Revenue Procedure 99-21 by submitting documents to the Court—not the IRS. As stated above, if plaintiff wishes to pursue a financial disability exception to toll the statute of limitations outlined under 26 U.S.C. § 6511(h), he may do so by submitting the required doctor's note to the IRS with his refund claims. *See* Rev. Proc. 99-21 § 4, 1999-1 C.B. 980. To allow plaintiff to bypass the IRS and submit documents to the Court would circumvent the requirements under Revenue Procedure 99-21. *See Est. Rubinstein v. United States*, 96 Fed. Cl. 640, 652 (2011) (acknowledging "[s]trict compliance" with Revenue Procedure 99-21). As such, plaintiff has not met the requirements under Revenue Procedure 99-21. Therefore, plaintiff does not qualify for the financial disability exception outlined under 26 U.S.C. § 6511(h). The Court will not address plaintiff's remaining arguments as they are without merit.

Therefore, plaintiff fails to qualify for the financial disability exception under 26 U.S.C. § 6511(h); and in consequence, he has failed to file a timely, valid claim for a tax refund under 26 U.S.C. § 7422(a)'s "duly filed" requirement. For all the above reasons, this Court dismisses *sua sponte* plaintiff's complaint for failure to state a claim upon which relief may be granted.

### VI. Conclusion

For the reasons set forth above, plaintiff's Motion for Reconsideration is hereby **GRANTED**. The Clerk is directed to vacate the Court's prior judgment entered on February 17, 2021 and dismiss this Complaint under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*Loren A. Smith*
Loren A. Smith,
Senior Judge